SilvermanAcampora LLP
Proposed counsel to Debtor and Debtor in Possession
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Gerard R. Luckman

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                    Chapter 11

D & M ROLNICK ENTERPRISES, LLC,                       Case No.

                                 Debtor.
---------------------------------------------------------------x

## RULE 1007-4 AFFIDAVIT IN CONNECTION WITH
## CHAPTER 11 FILING AND IN SUPPORT OF CERTAIN 'FIRST DAY' MOTIONS

**STATE OF NEW YORK** )
                        ) ss.:
**COUNTY OF NASSAU** )

     **DANNY ROLNICK**, being duly sworn, deposes and says:

     1.     I am a Member of D & M Rolnick Enterprises, LLC (the "Debtor"), the above-named petitioner.

     2.     I submit this affidavit under E.D.N.Y. Local Rule 1007-4, and in support of the Debtor's voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), filed on May 10, 2013 (the "Filing Date"), as well as in support of certain motions seeking "first day" relief as described herein.

## BANKRUPTCY FILING AND COMPLIANCE WITH LOCAL RULE 1007-4

### Debtor's Business and Operations

     3.     The Debtor is a corporation located at 10 Maple Street, Port Washington, New York 11050.  The Debtor's assets consist primarily of a development project located at 1622 State Route 17B, White Lake, New York (the "Property").  While the project is not yet completed, there is substantial value in its current state of completion that would be attractive to a purchaser which would then fund the additional costs to complete the project.  Accordingly, the Debtor will be moving for authority to conduct a sale of the Property.  I am advised by the Debtor's counsel that the Debtor is a "single asset real estate" entity, as that term is defined in the Bankruptcy Code.  Any plan to be

proposed by the Debtor in this case would be a liquidating plan in connection with the sale of the Property.

4. The Debtor currently does not employ any personnel other than the four partners who have made capital contributions to the Debtor who have not garnered or are owed any salary as of the Filing Date.

5. The Debtor's filing is necessitated by the upcoming Referee's Sale in the foreclosure action pending in the Supreme Court, Sullivan County, denominated Case No. 000259/2012.

6. The Debtor wishes to retain a broker to conduct an orderly sale of the Property in the context of this chapter 11 case.

**Assets and Liabilities**

7. The Debtor has assets with an approximate aggregate value of $3,002,800.00, comprised of, among other things, the value of the real property, some furniture, and its bank accounts.

8. The Debtor's secured liabilities total approximately $849,086.57, which sum is comprised of a (i) the principal and interest due on two mortgages per the Referee's computation and the judgment together with interest thereon from October 31, 2012 in the amount of $692,776.44; (ii) interest on two mortgages from November 1, 2012 through March 5, 2013 (the date of the Judgment of Foreclosure) totaling $16,770.00; (iii) costs, disbursements, and an award of attorneys fees in the foreclosure action of $11,531.65; (iv) advancements by the Referee for publication fees, posting fees, and the Referee's fees in the sum of $1,782.85; and (v) a third mortgage that was not the subject of the foreclosure action in the amount of $91,934.60, plus per diem interest of $7,951.04 through May 10, 2013, which when taken together totals $99,525.64.

9. The Debtor has only a few unsecured creditors consisting of two contractors for the project which should be paid from the sale proceeds. Additionally, Schedule D to the Debtor's petition reflects the secured claims asserted against the Debtor as more particularly described in Paragraph 8 above.  There are no other secured debts against the Debtor.

10.     The Referee is preparing to move forward with a foreclosure sale on May 10, 2013. No other property of the Debtor is in the possession or custody and control of any public officer, receiver, trustee or assignee for the benefit of creditors, mortgages, pledges or assignees.  Upon information and belief, there is no current pending litigation against the Debtor, other than the pending foreclosure action.

**Debtor's 30 Day Budget for Income and Operating Expenses**

11.     The Debtor estimates that its general administrative expenses, excluding payroll, interest and principal, but including salaried employees and related taxes and benefits, for the thirty (30) day period following the commencement of this proceeding will be approximately $0.00.

12.     The Debtor does not have any payroll obligations.

13.     The Debtor believes that with the protection of this Court, it will be able to marshal and preserve its assets so that they may be sold in an orderly manner to maximize value for all constituencies.

**WHEREFORE**, your deponent requests that (i) the Debtor be continued in the management of its business and financial affairs pending further order of this Court; and (ii) such other and further relief be granted to the Debtor as is just and proper.

/s/ Danny Rolnick
Danny Rolnick

Sworn to before me this
9th day of May, 2013

/s/ Lynne M. Manzolillo
Lynne M. Manzolillo
Notary Public
No. 01MA624014
Qualified in Suffolk County
Commission Expires April 13, 2017